# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 01 2019, 6:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LaQuitta Griggs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 1, 2019

Court of Appeals Case No.
18A-CR-2588

Appeal from the Marion County
Superior Court

The Honorable Lisa Borges, Judge

Trial Court Cause Nos.
49G04-1308-FC-057117
49G04-1607-F5-028612

**Vaidik, Chief Judge.**

# Case Summary

LaQuitta Griggs admitted violating her community corrections and probation by leaving a residential center on a pass and not returning, and the trial court ordered her to serve seven years in the Department of Correction. She now appeals, arguing that the trial court abused its discretion in ordering her to serve all seven years in the DOC. We affirm.

# Facts and Procedural History

In October 2013, Griggs pled guilty in Cause No. 49G04-1308-FC-57117 (Cause No. 57117) to Class D felony identity deception in exchange for the State dismissing two Class C felonies and two Class D felonies. The trial court sentenced Griggs to two years on community corrections. Before Griggs was to start her community-corrections sentence, she was transported to the Hancock County Jail for another case. Griggs was released from the Hancock County Jail in April 2015. Upon her release, Griggs did not report to community corrections as ordered, and her whereabouts were still unknown two months later. Accordingly, in June 2015, the State filed a Notice of Community Corrections Violation alleging that Griggs failed to report to community corrections. A warrant was issued for her arrest.

A little more than a year later, in July 2016, Griggs was arrested and charged in Cause No. 49G04-1607-F5-28612 (Cause No. 28612) with Level 5 felony battery causing bodily injury to a public-safety officer, two counts of Level 6

felony battery by bodily waste to a public-safety officer, two counts of Class A misdemeanor battery, two counts of Class A misdemeanor domestic battery, and being a habitual offender. As a result of Griggs's arrest in this case, the State amended its June 2015 Notice of Community Corrections Violation in Cause No. 57117 to add that Griggs committed new offenses.

[4] Griggs resolved both Cause No. 57117 and Cause No. 28612 in November 2016. In Cause No. 57117, Griggs was found to have violated community corrections for not reporting to community corrections and committing new offenses. By agreement of the parties, Griggs was sentenced to community corrections work release with GPS monitoring for two years. In Cause No. 28612, Griggs pled guilty to Level 5 felony battery causing bodily injury to a public-safety officer, one count of Level 6 felony battery by bodily waste to a public-safety officer, and one count of Class A misdemeanor battery. She also admitted to being a habitual offender. The trial court sentenced Griggs to an aggregate term of five years, with three years executed on community corrections work release with GPS monitoring, two years suspended, and one year of probation. The court ordered this sentence to run consecutive to Griggs's sentence in Cause No. 57117. Griggs was placed at Theodora House.

[5] One month later, in December 2016, the State filed a Notice of Community Corrections Violation in both cause numbers. Appellant's App. Vol. II pp. 76 (Cause No. 57117), 195 (Cause No. 28612). The State alleged that on December 9, Griggs, who was six months pregnant and experiencing back pain, was given a pass to go to Eskenazi Hospital but had not returned to Theodora

House as of December 10. The State alleged that her whereabouts were unknown. The trial court issued warrants for Griggs's arrest under both cause numbers.

[6] Approximately two years later, in September 2018, Griggs was pulled over and arrested on the outstanding warrants. The State filed a Notice of Probation Violation in Cause No. 28612, alleging that she failed to comply with community corrections. *Id.* at 230.

[7] At the hearing for both cause numbers, Griggs, who was pregnant again, admitted that she violated community corrections and probation by leaving Theodora House on a pass in December 2016 and not returning. Griggs explained that she did not return to Theodora House because she had learned at Eskenazi Hospital that her baby did not have a heartbeat, so she "chose to do [her] own thing and got mental health." Tr. p. 5. Griggs said she was "scared to turn [herself] in because [she] didn't want to go to prison." *Id.* Griggs asked the trial court "for another chance on strict compliance at Marion County Community Corrections." *Id.* at 8. The court, however, said that Griggs had "been gone way too long for [it] to do that." *Id.* Although the court had "great sympathy" for the loss of Griggs's baby, it explained that it had "really ben[t] over backwards for [Griggs] previously to try to give [her] a shot at not being in custody." *Id.* Accordingly, the court revoked Griggs's community-corrections placement in Cause No. 57117 and ordered her to serve two years (minus credit) in the DOC. Also, the court revoked Griggs's community-corrections

placement and probation in Cause No. 28612 and ordered her to serve five years in the DOC. The court ordered the sentences to be served consecutively.

[8]     Griggs now appeals.

# Discussion and Decision

[9]     Griggs's only argument on appeal is that the trial court abused its discretion in ordering her to serve all seven years in the DOC because of a "poor decision" she made not to return to Theodora House. Appellant's Br. p. 10. She claims that the trial court should have "fashioned a sentence which would have enabled [her] to transition to a less restrictive placement after serving several years of executed time at the [DOC]." *Id.* at 11. We review sentencing decisions in community-corrections and probation-revocation proceedings for an abuse of discretion. *Johnson v. State*, 62 N.E.3d 1224, 1229-30 (Ind. Ct. App. 2016).

[10]    The record shows that Griggs made more than a poor decision. Upon her release from the Hancock County Jail in April 2015, Griggs was ordered to report to community corrections. She did not do so. Her whereabouts were unknown for a little more than a year, when she got arrested in a new case. Griggs was again placed on community corrections for both cases in November 2016. The very next month, Griggs left Theodora House on a pass but did not return. For nearly two years, Griggs's whereabouts were unknown. She never turned herself in during the two years because she "didn't want to go to prison."

Because Griggs's actions show that "a less restrictive placement" is not appropriate for her, the trial court did not abuse its discretion in ordering her to serve all seven years in the DOC.

[11] Affirmed.

Kirsch, J., and Altice, J., concur.